**JILL WILLIAMS – State Bar No. 221793**
**EDWARD WELLS – State Bar No. 321696**
**CARPENTER, ROTHANS & DUMONT**
500 S. Grand Avenue, 19th Floor
Los Angeles, CA 90071
(213) 228-0400 / (213) 228-0401 [Fax]
jwilliams@crdlaw.com / ewells@crdlaw.com

Attorneys for Defendants,
County of Los Angeles, a public entity, Captain Tatiana Plunkett,
Commander Elier Morejon, Chief Patrick Jordan, Chief Joann Sharp,
And Chief Joseph Dempsey

**THOMAS E. BECK – State Bar No. 81557**
**THE BECK LAW FIRM**
Post Office Box 101
Los Alamitos, CA 90720
Tel: (562) 795-5835

Attorney for Plaintiff

NOTE: CHANGES MADE BY THE COURT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD KUNSTT, | Case No.: 2:19-cv-07510-JAK-JPR |
| Plaintiff, | **STIPULATION RE PROTECTIVE ORDER** |
| vs. | |
| COUNTY OF LOS ANGELES, et al., | |
| Defendants. | |

    COME NOW Plaintiff Donald Kunstt, by and through counsel of record, and Defendants County of Los Angeles, Captain Tatiana Plunkett, Commander Elier Morejon, Chief Patrick Jordan, Chief Joann Sharp, and Chief Joseph Dempsey by and through counsel of record, and stipulate as follows:

1. This lawsuit arises out of an alleged assault on Plaintiff Donald Kunstt by other inmates while Kunstt was incarcerated at the North County Correctional Facility in September 2018.

2. In discovery, the County of Los Angeles may produce information that it contends is privileged, which includes, but is not limited to, peace officer personnel files and internal affairs investigations. To facilitate discovery and the exchange of information, the parties agree that this information is confidential and shall be subject to the following proposed protective order:

## **PROPOSED PROTECTIVE ORDER**

The Protected Documents shall be subject to this Protective Order as follows.

1. All documents produced by the County of Los Angeles that it in good faith contends are privileged and confidential will be clearly designated as "CONFIDENTIAL" and will be placed in an envelope labeled as such prior to the disclosure. The "CONFIDENTIAL" designation shall be placed on the printed pages of the Protected Documents in a manner that does not overwrite or make illegible the text of the document.

2. Each person receiving any of the Protected Documents shall not disclose to any person or entity, in any manner, including orally, any of the Protected Documents or any of the information contained therein, except when used for purposes of this litigation pursuant to this protective order.

3. The Protected Documents, and all information contained therein, may be disclosed to only the following "qualified" persons:

 (a) Counsel of record for the parties to this civil litigation;

 (b) Defendant County of Los Angeles and its employees;

 (c) Plaintiff Donald Kunstt;

 (d) Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel referred to in subparagraph (a); and, investigators, expert

1 witnesses and other persons legitimately involved in litigation-related activities for
2 the counsel of record; and

3     (e) Court personnel, including stenographic reporters engaged in such
4 proceedings as are necessarily incidental to preparation for the trial of this action.

5     (f) With the exception of the Court and court personnel (who are subject
6 only to the Court's internal procedures regarding the handling of material filed or
7 lodged, including material filed or lodged under seal), all persons receiving a copy
8 of the Protected Documents shall, before receiving such protected information, be
9 given a copy of this Protective Order and a compliance agreement (in the form
10 attached hereto as Exhibit "A") and shall execute the compliance agreement, and
11 return the original of the compliance agreement to the attorney who gives him/her
12 the protected information. It shall be the responsibility of the respective attorneys
13 to distribute compliance agreements, and then collect and maintain custody of the
14 executed originals of the compliance agreements.

15     4. The Protected Documents may be disclosed to the Court and court
16 personnel, in connection with this litigation. Portions of the Protected Documents
17 that a party intends to use in support of or in opposition to a pre-trial filing with the
18 Court must be filed in accordance with the Central District of California Local
19 Rules relating to under seal filings, including Local Rule 79-5. Counsel intending
20 to use documents from Protected Documents must both (a) apply to submit
21 unredacted documents containing any portion of the Protected Documents under
22 seal and (b) file public versions of the same documents with the information from
23 the Protected Documents redacted.

24     5. In the event this matter proceeds to trial, to the extent that any of the
25 Protected Documents are admitted into evidence, those documents will become
26 public, unless sufficient cause is shown in advance of trial to proceed otherwise.

27     6. The court reporter, videographer, and audiographer, if any, who
28 record all or part of any future deposition(s) in this matter, which include the

1 | Protected Documents or descriptions thereof, shall be subject to this Order and
2 | precluded from providing any portions of the original deposition videotape,
3 | audiotape, or exhibits which relate to the Protected Documents or information to
4 | any persons other than counsel of record, absent order of the court.

5 |      7.    Those attending any future deposition(s) shall be bound by this Order
6 | and, therefore, shall not disclose to any person or entity, in any manner, including
7 | orally, any documents from the Protected Documents made by such person during
8 | the course of said depositions.

9 |      8.    At any future deposition(s), should there be persons in attendance
10 | who are not authorized to access to the Protected Documents or information, such
11 | persons shall be removed from the deposition room at any time information
12 | relating to the Protected Documents or protected information is disclosed or
13 | discussed.

14 |      9.    The Protected Documents shall be used solely in connection with the
15 | preparation and trial of this action, entitled <u>Donald Kunstt v. County of Los
16 | Angeles, et al.</u>, bearing case number 2:19-cv-07510-JAK-JPR, or any related
17 | appellate proceeding, and not for any other purpose, including, without limitation,
18 | any other litigation or administrative proceedings or any investigation related
19 | thereto.

20 |     10.    This Order may not be modified unless by written consent of the
21 | parties and with the approval of the Court. Any party may move for a
22 | modification of this Order at any time. Upon receipt and review of the documents
23 | produced pursuant to this protective order, any party may move to remove the
24 | confidential designation of any document after meeting and conferring with
25 | opposing counsel and pursuant to the procedures governing discovery motions set
26 | forth in Local Rule 37.

27 |     11.    This Order is made for the purpose of ensuring that the Protected
28 | Documents will remain confidential, unless otherwise ordered by the Court or in

response to a successful motion by a party made pursuant to Paragraph 10.

12. At the conclusion of this litigation, upon request of defense counsel, plaintiff's counsel shall return the Protected Documents to Jill Williams, Esq., Carpenter, Rothans & Dumont, 500 S. Grand Avenue, 19th Floor, Los Angeles, California 90071. Alternatively, the receiving parties and every other person and/or entity who received originals or copies of the protected information may destroy all such material and material derived therefrom within 30 calendar days after the conclusion of this case. Additionally, within thirty 30 calendar days after the conclusion of this case, counsel for the receiving parties shall send to Jill Williams, Esq., address as above, a signed declaration stating that such material has been destroyed pursuant to this Protective Order.

13. Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

## **GOOD CAUSE**

The parties submit that GOOD CAUSE exists to enter the proposed protective order to balance the defendants' concerns that the documents consist of privileged and confidential personnel information of a party to this litigation, as protected by the official information privilege, law enforcement privilege and the right to privacy, as protected by the California and United States Constitution, with plaintiffs' right to discovery in this litigation. The parties agree that all documents marked confidential and produced pursuant to this protective order are subject to the terms of this order unless otherwise ordered by the Court.

**\*\*End of Proposed Protective Order\*\***

IT IS SO STIPULATED.

DATED: December 12, 2019             THE BECK LAW FIRM

By:

```
                              _____/s/_____
                                      Thomas E. Beck
                                      Attorney for Plaintiff
```

DATED:   December 18, 2019          CARPENTER, ROTHANS & DUMONT

```
                                         /s/  Edward Wells
                              By:  _____
                                      Jill Williams
                                      Edward Wells
                                      Attorneys for Defendants County of Los
                                      Angeles, Captain Tatiana Plunkett,
                                      Commander Elier Morejon, Chief Patrick
                                      Jordan, Chief Joann Sharp,
                                      And Chief Joseph Dempsey
```

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: December 18, 2019

*[signature: Jean Rosenbluth]*
_____
Hon. Jean P. Rosenbluth
United States Magistrate Judge

# EXHIBIT A
# COMPLIANCE AGREEMENT

I hereby acknowledge that I, _____ [*name*], _____ [*position and employer*], am about to receive Protected Documents supplied in connection with <u>Donald Kunstt v. County of Los Angeles</u>, case number 2:19-cv-07510-JAK-JPR. I certify that I understand that the Protected Documents are provided to me subject to the terms and restrictions of the Stipulation and Protective Order filed in this case. I have been given a copy of the Protective Order; I have read it, and I agree to be bound by its terms.

I understand that Protected Documents, as defined in the Protective Order, including any notes or other records that may be made regarding any such materials, shall not be disclosed to anyone except as expressly permitted by the Protective Order. I will not copy or use, except solely for the purposes of this case, any Protected Documents obtained pursuant to this Protective Order, except as provided therein or otherwise ordered by the Court in the case.

I further understand that I am to retain all copies of all Protected Documents provided to me in the case in a secure manner, and that all copies of such materials are to remain in my personal custody until termination of my participation in this case, whereupon the copies of such materials will be returned to counsel who provided me with such materials.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this \_\_\_day of _____, 20\_\_\_, at _____ [*place*].

Signature: _____

Title: _____

Address: _____

Telephone Number: _____